## COLORADO v. SYMES, JUDGE OF THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO, ET AL.

No. 19, Original. Rule to show.cause issued March 21, 1932.
Return to rule submitted April 11, 1932.—Decided May 31, 1932.

See 284 U. S. 523, 528, and 530.

*Messrs. Clarence L. Ireland,* Attorney General of Colorado, *George A. Crowder,* Assistant Attorney General, and

512

*Joel E. Stone,* District Attorney, Arapahoe County, were on the brief of petitioner.

*Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Mahlon D. Kiefer, John J. Byrne,* and *Erwin N. Griswold* were on the brief for respondents.

Mr. Justice Butler delivered the opinion of the Court.

November 9, 1931, the prosecuting attorney of Arapahoe county, Colorado, filed an information in the state court charging that on November 7 Henry Dierks killed and murdered Melford Smith. A warrant issued, the accused was arrested thereon and admitted to bail. He filed a petition for a writ of *habeas corpus cum causa* in the United States district court alleging that he is a United States prohibition agent and other facts on which he claims immunity from prosecution in the state court and prayed removal of the case to the federal court under Judicial Code, § 33 as amended. 28 U. S. C., § 76. The district judge granted the writ, the marshal served it as required by the statute, and so the case was taken from the state court. The prosecuting attorney promptly

moved to remand on the ground that the petition is not sufficient to give the federal court jurisdiction. His motion was denied. 55 F. (2d) 371. Thereupon, leave having been granted, the State acting through its governor filed a motion in this court for a rule requiring the district judge to show cause why a writ of mandamus should not issue to compel him to remand the case. The motion was granted and the judge has made his response to the rule in which he maintains that mandamus should not be granted. The case is submitted by the State on the brief of its attorney general. The Solicitor General of the United States submits a brief in opposition.

As the prosecuting attorney did not join issue with any of the allegations of the petition for removal, the jurisdiction of the federal court and the validity of its action are to be determined upon the allegations of the petition.

Eliminating formal parts and much unnecessary verbiage, we give its full substance. After showing that Dierks was accused, arrested and admitted to bail the petition represents:

He has long been a prohibition agent and the act for which he was informed against was done by right of his office and while he was engaged in the discharge of his official duties " in making and attempting to make an investigation concerning a violation of the National Prohibition Act and other Internal Revenue laws, and reporting the results of said investigation, and in protecting himself in the discharge of his duty as follows ":

November 7, 1931, he and one Ellsworth, another prohibition agent, were directed by the administrator in charge to investigate a complaint of violations of the prohibition act and revenue laws reported as being committed at No. 3005 South Broadway, in Englewood. About 9.30 in the evening they went to that place for the purpose of investigating such violations. It was a hamburger stand or restaurant. Petitioner exhibited his badge and in-

formed the man in charge that he was a prohibition agent and had come to investigate reports of violations of the Act and was given permission to search the premises. While he "was in the act of observing and searching said premises, one Melford Smith entered . . . seated himself on an unoccupied stool at the counter . . . took out a pint bottle of wine from his inside coat pocket, and set the said bottle of wine on the counter . . . in full and open view of your petitioner, and . . . then proceeded to look for a drinking glass."

Upon seeing the bottle of wine and believing Smith engaged in violating the prohibition act and revenue laws, petitioner "proceeded to take possession of said bottle of wine, and to arrest . . . Smith; that thereupon . . . Smith did resist arrest, did attempt to destroy said bottle of wine, and did proceed to assault your petitioner and did attempt to escape, and that thereupon one Al Green did attempt . . . to help . . . Smith to escape, and that in the scuffle that ensued, and while your petitioner was engaged in the discharge of his official duties as such Federal Prohibition Officer in making, and attempting to make, said arrest of said Melford Smith, and in protecting himself in the discharge of his duties, and in attempting to seize said bottle of wine, it became necessary in order to subdue . . . Smith for your petitioner to strike, and he did strike, . . . Smith on the head with your petitioner's gun; that thereupon . . . Ellsworth, came to the assistance of your petitioner; " and that they " did arrest the said Melford Smith, the said Al Green, and one Leonard Carpenter, and did convey them to the " jail at Denver.

And the petitioner goes on to say that when Smith was placed in the jail he did not appear to have received injury, but that on the following day he became sick and died and petitioner " alleges that the said Melford Smith

did die from an injury to his head caused by a blow given . . . by your petitioner during the scuffle . . ." And petitioner states " he is not guilty of the crime of murder, or any other offense " and that the criminal proceeding " arises out of and solely by reason of the acts performed by your petitioner as an officer acting " under the authority of the revenue laws and the National Prohibition Act.

The protection afforded by § 33* extends to prohibition agents. 27 U. S. C., § 45. The various acts of Congress constituting the section as it now stands were enacted to maintain the supremacy of the laws of the United States by safeguarding officers and others acting under federal authority against peril of punishment for violation of state law or obstruction or embarrassment by reason of opposing policy on the part of those exerting or controlling state power. *Tennessee* v. *Davis*, 100 U. S. 257. *Maryland* v. *Soper* (*No. 1*), 270 U. S. 9, 32. *The Mayor* v. *Cooper*, 6 Wall. 247, 253. *Findley* v. *Satterfield*, Fed. Cas. No. 4,792. It scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted. See *Venable* v.

---

* " When any . . . criminal prosecution is commenced in any court of a State against any officer . . . acting by authority of any revenue law of the United States . . . on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer . . . under any such law . . . for or on account of any act done under color of his office or in the performance of his duties as such officer . . . the said . . . prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court and in the following manner: Said petition shall set forth the nature of the . . . prosecution and be verified by affidavit and, together with a certificate signed by an attorney or counselor at law of some court of record of the State . . . or of the United States stating that, as counsel for the petitioner, he has

*Richards,* 105 U. S. 636, 638. *State* v. *Sullivan,* 50 Fed. 593, 594. And it is axiomatic that the right of the States, consistently with the Constitution and laws of the United States, to make and enforce their own laws is equal to the right of the federal government to exert exclusive and supreme power in the field that by virtue of the Constitution belongs to it. The removal statute under consideration is to be construed with highest regard for such equality. Federal officers and employees are not, merely because they are such, granted immunity from prosecution in state courts for crimes against state law. Congress is not to be deemed to have intended that jurisdiction to try persons accused of violating the laws of a state should be wrested from its courts in the absence of a full disclosure of the facts constituting the grounds on which they claim protection under § 33.

Here the State of Colorado charges petitioner with deliberate murder. While homicide that is excusable or justifiable may be committed by an officer in the proper discharge of his duty, murder or other criminal killing may not. The burden is upon him who claims the removal plainly to set forth by petition made, signed and

examined the proceedings against him and carefully inquired into all the matters set forth in the petition, and that he believes them to be true, shall be presented to the said district court, if in session, or if it be not, to the clerk thereof at his office, and shall be filed in said office. The cause shall thereupon be entered on the docket of the district court and shall proceed as a cause originally commenced in that court . . . When it [the case] is commenced by capias or by any other similar form of proceeding by which a personal arrest is ordered, he shall issue a writ of habeas corpus cum causa . . . and thereupon it shall be the duty of the State court to stay all further proceedings in the cause, and the . . . prosecution . . . shall be held to be removed to the district court. . . . If the defendant . . . be in actual custody . . . it shall be the duty of the marshal, by virtue of the writ . . . to take the body of the defendant into his custody, to be dealt with . . . according to law and the order of the district court . . . ."

unequivocally verified by himself all the facts relating to the occurrence, as he claims them to be, on which the accusation is based. Without such disclosure the court cannot determine whether he is entitled to the immunity. No question of guilt or innocence arises and no determination of fact is required, but it must fairly appear from the showing made that petitioner's claim is not without foundation and is made in good faith.

. As said by Chief Justice Taft speaking for the Court in *Maryland* v. *Soper, supra,* 33: " It must appear that the prosecution . . . has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his not justified by his federal duty. . . . [p. 34]. In invoking the protection of a trial of a state offense in a federal court under section 33, a federal officer abandons his right to refuse to testify because accused of crime, at least to the extent of disclosing in his application for removal all the circumstances known to him out of which the prosecution arose. The defense he is to make is that of his immunity from punishment by the state, because what he did was justified by his duty under the federal law, and because he did nothing else on which the prosecution could be based. He must establish fully and fairly this defense by the allegations of his petition for removal before the federal court can properly grant it. It is incumbent on him, conformably to the rules of good pleading, to make the case on which he relies, so that the court may be fully advised and the state may take issue by a motion to remand." And the opinion pointed out (p. 35) that the allegations of the petition for removal there under consideration did not negative the possibility that the accused were doing other than official acts at the time or on the occasion of the alleged murder or " make it clear and specific that whatever was done by them leading to the

prosecution was done under color of their federal official duty. . . . In order to justify so exceptional a procedure, the person seeking the benefit of it should be candid, specific and positive in explaining his relation to the transaction growing out of which he has been indicted, and in showing that his relation to it was confined to his acts as an officer."

It appears from a mere inspection of the petition before us that it does not measure up to the required standard. The outstanding fact is that petitioner killed Smith by intentionally striking him on the head with a gun. That is the basis of the State's prosecution. The burden is on the accused to submit a "candid, specific and positive" statement of the facts so that the court will be able to determine the validity of his claim for removal. It is sufficiently shown that in performance of official duties he and another agent went into the place described to observe whether federal law was being violated and that the deceased entered and was about to take a glass of wine from a bottle that he carried in his pocket. These facts led up to the crucial occurrences the principal of which was the death blow. And as to these the statements are not such as would naturally be employed by one desiring fully to portray what happened. For example, it is said petitioner " proceeded to take possession of said bottle " and to " arrest . . . Smith " and that thereupon Smith " did resist arrest " and attempt to destroy the bottle of wine and "did proceed to assault your petitioner " and did " attempt to escape " and that Green did attempt to assist deceased to escape and that " in the scuffle that ensued " and while petitioner was engaged in the discharge of his duties, etc., it became necessary " in order to subdue . . . Smith for your petitioner to strike " him " on the head with your petitioner's gun."

While phrases such as those quoted may appropriately be used to characterize facts that have been disclosed,

they are not calculated to give specific information as to the details of the occurrence. The statements of the petition are so vague, indefinite and uncertain as not to commit petitioner in respect of essential details of the defense he claims. They are not sufficient to enable the court to determine whether his claim of immunity rests on any substantial basis or is made in good faith. The narrative is manifestly incomplete in respect of matters known to the petitioner and which under the established construction of the statute he was bound to disclose. The motion to remand should have been granted.

The district judge, should he deem it proper so to do, may permit the accused by amendment to his petition and additional evidence or otherwise to show that he is entitled to removal authorized by § 33. If such permission be denied or if, leave being granted, petitioner shall fail to meet the requirements of that section, the case is to be remanded to the state court as upon a peremptory writ of mandamus.

MR. JUSTICE STONE and MR. JUSTICE CARDOZO think the rule should be discharged.