STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
THOMAS STEPHENSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 18, 1950—Decided December 28, 1950.

Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.

*Mr. Thomas Stephenson, pro se.*

*Mr. Walter G. Winne,* Prosecutor of Bergen County, argued the cause for respondent.

PER CURIAM.  This appeal is stated to be an appeal from an order of the Mercer County Court "Discharging and refusing Writ of *habeas corpus*—dated September 20, 1950."

On appeal to this court, our rules require the appellant to furnish an appendix which must contain a copy of the judgment, order or determination appealed from or sought to be reviewed or enforced and a .copy of the pleadings, and also a copy of such parts of the record material to the questions presented as the appellant desires the court to read. *Rules* 1:3–1 and 1:3–2(f). None of this vital information is before us. The appellant supplies only a "brief on appeal" and this brief does not comply with the requirements of *Rule* 1:3–2.

While we fully realize the difficulties in which one not a lawyer, who appears *pro se,* finds himself in an appeal to this court, and while we desire to make every possible allowance in such a case, it must be obvious to anyone that this court cannot reverse, affirm or modify a judgment, order or determination without knowing the contents thereof.

Disregarding the failure to supply any appendix, and all technical irregularities, we gather from the papers submitted that the appellant entered a plea of *non vult* before the Bergen County Court of Special Sessions on July 8, 1942, to two allegations of armed robbery and one allegation of carrying a concealed weapon. He was sentenced on July 15, 1942, to not less than ten years and not more than fifteen years on each allegation for armed robbery, to run consecutively, and to not less than two years or more than three years on the the allegation of carrying a concealed weapon, to run concurrently with the other sentence. Appellant states in his brief: "Petitioner claims he was appointed and commissioned as a Federal Officer on Jan. 20th, 1942; that his title and position was then and subsequently as follows: Chief, Division of Counter-Espionage, Executive Department, United States Government. His salary as such was designated to be $6,000.00 per year plus expenses. He received the monthly salary payments of $500.00 on February 20th, 1942, March 20th, 1942, April 20th, 1942, May 20th and June 20th, 1942. Since the latter date he did not receive any notice of separation or termination which would have lead him to believe his services with the Federal Government were terminated subse-

quent to June 21st, 1942, the date of his arrest in Lyndhurst, New Jersey."

His claim here, as it was below, is that he is illegally imprisoned in the State Prison because "the petitioner identified himself as being a federal officer who claims to have had immunity from prosecution by State Authorities upon his arrest by the Lyndhurst Police on June 21st, 1942."

The federal courts afford protection to federal officers in certain cases; for instance, by way of removal to the federal courts of criminal prosecutions commenced in a state court for acts done under color of such federal office or on account of any right, title or authority claimed under any act of Congress for the apprehension or punishment of criminals or the collection of revenue (28 *U. S. C. A.*, § 1442), and by way of *habeas corpus* where the federal officer is in custody for an act done or omitted in pursuance of an act of Congress or an order, process, judgment or decree of a court or judge of the United States (28 *U. S. C. A.*, § 2241). It is apparent that this appellant has knowledge that the federal courts afford protection in certain cases, because he made a motion before the United States Supreme Court for leave to file a petition for a writ of *habeas corpus*. We note that this motion was denied on October 9, 1950. *Thomas Stephenson v. Page, Warden,* —— *U. S.* ——, 95 *L. Ed.* 17 (1950).

Even if we assume that *habeas corpus* in our state courts is an available remedy in a proper case to one seeking protection as a federal officer in the custody of state authorities, and we accept as true the claim made by this appellant, the denial of his application for a writ of *habeas corpus* was proper. Federal officers and employees are not, merely because they are such, granted immunity from prosecution in state courts for crimes against state law. *Colorado v. Symes,* 286 *U. S.* 510, 76 *L. Ed.* 1253 (1932).

The appeal is dismissed.