The **STATE OF OKLAHOMA,**
Plaintiff,

v.

James Roy **WILLINGHAM,**
Defendant.

Crim. No. 25876.

United States District Court
E. D. Oklahoma.

Aug. 7, 1956.

446

Paul Brewer, Asst. U. S. Atty., Musko-gee, Okl., for Willingham.

William Bishop, County Atty., Semi-nole, Okl., for the State of Oklahoma.

RICE, Chief Judge.

The defendant, James Roy Willingham, a rural mail carrier, was charged in the Justice of the Peace Court, Seminole County, Oklahoma, with a violation of the traffic laws of the State of Oklahoma. The offense charged is a misdemeanor, under the law of Oklahoma, punishable by a fine of not less than $10 nor more than $200, or imprisonment in jail for not less than five days nor more than thirty days, or by both such fine and im-prisonment.

The United States Attorney, deeming the case removable under 28 U.S.C.A. § 1442, filed a petition asking a removal to this court and alleging as follows: "At the time and place of said alleged offense, your petitioner was an officer and em-ployee of the United States of America *acting under color of his office* (emphasis supplied) in that at the time and place your petitioner was regularly employed by the United States Post Office Depart-

ment as a rural route mail carrier for rural route No. 1, Seminole, Oklahoma, and was then and there engaged in performing his duties by delivering mail to various points along rural route No. 1, Seminole, Oklahoma."

A motion to remand was filed by the County Attorney of Seminole County, Oklahoma, based upon five different contentions as follows:

"1. This cause was improvidently removed to the Federal Court.

"2. This Court does not have jurisdiction.

"3. For this Court to assume jurisdiction of this matter would cause undue hardship upon the county officials of Seminole County.

"4. It would be inequitable for this Court to assume jurisdiction of this cause.

"5. The Federal Statute does not contemplate the removal of misdemeanor actions against officers acting under the postal laws."

For the purpose of the motion to remand, the Court accepts as true the statements contained in the petition for removal that the defendant is an employee of the United States Post Office Department; that he was a rural mail carrier and was, at the time of the incident alleged in the complaint, delivering mail on his route. The serious question presented is whether or not the facts accepted as true establish that "at the time and place of said alleged offense your petitioner was acting under color of his office." Whether or not petitioner was so acting is a conclusion which does not necessarily follow from the facts.

The history of this type of legislation dates back to 1815. The present § 1442 of the 1948 Revised Code is a consolidation of §§ 76 and 77 of Title 28 (1940 Edition), being amended Section 33 of the Judicial Code, which was limited in its application to revenue officers in the enforcement of the criminal or revenue laws.

Revised Section 1442 made no change in the theory or basis for removal. It merely extended its application to "all officers of the United States or any agency thereof."

A test of the power to remove criminal prosecutions from state courts came in State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648, wherein the Act of July 13, 1866 was involved. State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449, and State of Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253, both dealing with Judicial Code 33, were concerned primarily with the sufficiency of the petition for removal, but also furnished much help in determining the meaning of the language "under color of such office."

State of Tennessee v. Davis sustained the constitutionality of the law under Article 3, Section 2 of the United States Constitution which provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, * * *" but in doing so recognized the case as of great importance, "bringing as it does into consideration the relation of the general government to the government of the states and bringing into view not merely the construction of an Act of Congress but its constitutionality." The petition for removal in the case was determined to be adequate.

State of Tennessee v. Davis, in my judgment, stands for the principle that "a claim of federal right or authority for doing the act complained of is recognized as the basis for removal." This significant statement is made: "If, therefore, the statute is to be allowed any meaning, when it speaks of criminal prosecutions in state courts, it must intend those that are instituted for alleged violations of state laws, in which defenses are set up or claimed under United States laws or authority."

In State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 190, Chief Justice Taft, speaking for the Court, used this significant language: "The constitutional validity of the section [Section 33] rests on the right and power of the United States to secure the efficient execution of

448

its laws and to prevent interference therewith." In discussing the adequacy of the petition for removal, Chief Justice Taft said: "There must be causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him for whatever offense has arisen out of the acts done by him under color of federal authority and in the enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his, not justified by his federal duty." Again he said: "The defense he is to make is that of his immunity from punishment by the state, because what he did was justified by his duty under the federal law, and because he did nothing else on which the prosecution could be based. He must establish fully and fairly this defense by the allegations of his petition for removal before the federal court can properly grant it. * * * In order to justify so exceptional a procedure, the person seeking the benefit of it should be candid, specific and positive in explaining his relation to the transaction growing out of which he has been indicted, and in showing that his relation to it was confined to his acts as an officer."

The petition was determined to be inadequate and upon much the same reasoning the petition in State of Colorado v. Symes, 286 U.S. 510, 511, 52 S.Ct. 635, 637, was determined to be inadequate. In the latter case, Justice Butler, speaking for the Court said: "Federal officers and employees are not, merely because they are such, granted immunity from prosecution in state courts for crimes against state law. Congress is not to be deemed to have intended that jurisdiction to try persons accused of violating the laws of the state should be wrested from its courts in the absence of a full disclosure of the facts constituting the grounds on which they claim protection under section 33 [Judicial Code, Section 33]. * * * The defense he is to make is that of his immunity from punishment by the state, because what he did was justified by his duty under the federal law, and because he did nothing else on which the prosecution could be based."

■ We agree that the removal act should be construed liberally to effect its purpose of maintaining the supremacy of the federal law, but we think also that it should be construed with the highest regard for the right of the states to make and enforce their own laws in the field belonging to them under the Constitution.

■ The State of Oklahoma has not only the right but the responsibility to regulate travel upon its highways. The power of the state to regulate such travel has not been surrendered to the Federal Government. An employee of the Federal Government must obey the traffic laws of the state although he may be traveling in the ordinary course of his employment. No law of the United States authorizes a rural mail carrier, while engaged in delivering mail on his route, to violate the provisions of the state law enacted for the protection of those who use the highways.

■ Guilt or innocence is not involved, but there is involved a question of whether or not the prosecution is based on an official act of the defendant. There is nothing official about how or when the defendant re-entered the lane of traffic on the highway. There is no official connection between the acts complained of and the official duties of the mail carrier. The mere fact that the defendant was on duty and delivering mail along his route does not present any federal question or defense under federal law. The efficient operation and administration of the work of the Post Office Department does not require a carrier, while delivering mail, to drive his car from a stopped position into the path of an approaching automobile. When he is charged with doing so, his defense is under state law and is not different from that of any other citizen.

■ The petition for removal fails to allege facts sufficient to warrant removal. The motion to remand is granted.