**CITY OF PHILADELPHIA**

v.

**George A. FRIES, Frederick E. Devine, Bernard Kellogg.**

**Civ. A. No. 24758.**

United States District Court
E. D. Pennsylvania.

Feb. 28, 1963.

Edward Greb Bauer, Jr., City Sol., Alfeo P. Libetti, Asst. City Sol., Philadelphia, Pa., for plaintiff.

Alexander Simpson Bauer, Philadelphia, Pa., Landon Gerald Dowdey, Dowdey & Bartow, Washington, D. C., for defendants.

CLARY, Chief Judge.

Presently before the Court is plaintiff's motion to remand this case to the State Court from which it has been removed.

The defendants, nonresidents of Philadelphia, employed at the Philadelphia Naval Shipyard, have refused to pay a tax imposed by the City on all wages or compensation for work done or services performed in Philadelphia. On May 6, 1958, the City inaugurated this action to impose fines and penalties in the Municipal Court, now known and herein referred to as the "County Court", of Philadelphia. Defendants were taken into custody by the Sheriff, posted bail, and were released. A petition to remove to the Federal District Court for the Eastern District of Pennsylvania was filed by defendants on May 29, 1958.

The City moved to remand the action to the County Court of Philadelphia. At defendants' request, hearing on this motion was continued until a decision in the case of United States ex rel. Thompson v. Lennox, 258 F.2d 320 (3 Cir. 1958), then before the United States Court of Appeals for the Third Circuit. The case was then to be reordered on the Argument List by counsel for the City. The Court of Appeals decided Lennox in a per curiam opinion on July 18, 1958 and denied rehearing on September 17, 1958.

On October 6, 1960, all parties were notified by the Clerk of the Court that since no proceeding had been docketed in this action for more than two consecutive years, the record would be marked "dismissed, without prejudice" under local Civil Rule 18, unless written application to the contrary was filed within thirty days. Pursuant to this notice, the parties entered into a stipulation approved by the Court allowing the action to rest pending the outcome of Commonwealth ex rel. Thompson v. Lennox, in the County Court of Philadelphia, October Term 1957, No. 330.

Two years later, on November 13, 1962, notice was again given the parties that failure to docket any proceeding for more than two years would result in dismissal under Rule 18. On December 13, 1962, counsel of record agreed to reinstate the City's motion to remand and place it on the Argument List. At the December 27th argument of this motion, defendants' Philadelphia counsel appeared and advised the Court that the entire matter had been handled by Washington counsel who was not present, but to whom notice had been sent. Washington counsel later informed the Court that he had been on vacation and had not received the notices from the Court and Philadelphia counsel. The Court granted counsel until January 15, 1963 to file any briefs. Briefs have been filed by both sides and plaintiff's motion to remand is now properly before the Court. Defendants have also recently moved for summary judgment which will be denied.

The instant action reached this Court on July 18, 1958, over four and one-half years ago, and as yet it is not even known whether the fundamental hurdle of jurisdiction can be cleared. By reason of this long delay, the Judicial Conference of the United States places this case in the "distress" category, and the Court emphatically agrees that it is high time

to examine whether the action is properly before a Federal tribunal.

Defendants base their claim of jurisdiction upon 28 U.S.C. § 1442(a) (1), authorizing removal to a Federal Court of "a civil action or criminal prosecution commenced in a state court against any of the following persons * * * (1) [a]ny officer of the United States or an agency thereof, or person acting under him, for any act under color of such office * * *."

Defendants argue that because of its essential elements, the instant case is one contemplated by this statute. In their brief in opposition to the motion to remand, defendants analyze these elements as being:

"1. Receipt of compensation from the United States government by non-residents of Philadelphia

"2. 'For work done or services performed or rendered' in the course of federal employment

"3. 'In a United States government installation in Philadelphia,' which appears from the petition for removal to be a place under the exclusive jurisdiction of the United States pursuant to Article 1, § 8, clause 17 of the Constitution of the United States

"4. Failing, neglecting or refusing 'to file returns or to pay * * the taxes due' the City of Philadelphia by reason of the foregoing circumstances."

Defendants assert that since elements 1, 2 and 3 are transactions solely between the Government and its employees and thus done under color of office, this prosecution "undertakes to make the very performance of those duties, fully authorized and actually directed by the United States Government, the principal elements of the crime charged."

The Court cannot agree with this analysis. The elements which defendants feel are so essential to the City's case are not really involved here at all. This action was not instituted because the United States paid wages, nor because the defendants earned them, but simply because a tax on those wages has not been paid. The failure of individual private citizens to pay a wage tax is the crux of the City's case. The City of Philadelphia does not seek to hamper, impede or otherwise affect in any way defendants' performance of duties connected to their positions with the United States. It is this lack of interference with Federal duties which distinguishes the instant case from the authorities cited by defendants: Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253 (1932); Johnson v. Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126 (1920); Tennessee v. Davis, 100 U.S. 257, 25 L. Ed. 648 (1879).

Under § 1442(a)( 1), removal is available where the prosecution is for an act done under color of office. While the statute does not necessarily require that the act be *specifically* directed or authorized by statute, executive order or treaty, we cannot go so far as to say that the refusal to pay a local tax on the grounds that one is a Federal employee is an act "under color" of Federal office, and no authority has been indicated that would support such a reading of the law. Defendants' Federal status may or may not be a defense to this action, but that is not the question presently before the Court. The assertion of that defense is not a sufficient ground to support removal to the Federal Court. This case is a controversy between the City of Philadelphia and the defendants as individuals and will be remanded to the County Court of Philadelphia as there is no jurisdiction in this Court.

## ORDER

AND NOW, to wit, this 28th day of February, 1963, for the reasons set forth in the foregoing Opinion, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion to remand to the County Court of Philadelphia be and it is hereby GRANTED; defendants' motion for summary judgment is hereby DENIED.