The **PEOPLE OF the STATE OF NEW YORK**

v.

**Fred KEIM and Irving Moverman, Defendants.**

**No. 69 Cr. 382.**

United States District Court
S. D. New York.

Oct. 30, 1969.

**422**

Robert M. Morgenthau, U. S. Atty., S. D. New York, New York City, for defendants Fred Keim and Irving Moverman; Peter F. Rient, Asst. U. S. Atty., of counsel.

Mark E. Arroll, New York City, for complainant Elliott A. Cohen.

## MEMORANDUM

COOPER, District Judge.

We are asked to remand to the Criminal Court of the City of New York pursuant to 28 U.S.C. § 1447(c) this criminal action charging defendants Keim and Moverman with harassment in violation of New York Penal Law, McKinney's Consol.Laws, c. 40, § 240.25[1] and removed to this Court by Petition filed on defendants' behalf by the United States Attorney for the Southern District of New York on April 30, 1969 pursuant to 28 U.S.C. § 1442(a) (1).

■ At the outset we note that since this question is of jurisdictional consequence, it would be inappropriate to dismiss this application to remand, brought by complainant Cohen in the instant criminal action, on the ground that Cohen lacks standing and that neither the City nor the State of New York has sought a remand, for "[i]f at any time before judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall re-

mand the case * * *." 28 U.S.C. § 1447(c).

This action is properly removed and the motion to remand should be denied if Keim and Moverman were officers or employees of the United States acting under color of office at the time of the occurrences alleged in the complaint. See 28 U.S.C. § 1442(a) (1); Goldfarb v. Muller, 181 F.Supp. 41, 43 (D.N.J. 1959); State of Oklahoma v. Willingham, 143 F.Supp. 445 (E.D.Okl.1956). Removal has been extended to apply to all officers and employees of the United States by the 1948 revision of the Judicial Code, 28 U.S.C. § 1442(a) (1). See Hart & Wechsler, Federal Courts and the Federal System 1147–1150 (1953).

■ The crucial determination here then is whether Keim and Moverman, who concededly were federal employees, were acting "under color of office." As set forth in Colorado v. Symes, 286 U.S. 510, 518–519, 52 S.Ct. 635, 637, 76 L.Ed. 1253 (1932):

The burden is upon him who claims the removal plainly to set forth by petition made, signed and unequivocally verified by himself all the facts relating to the occurrence, as he claims them to be, on which the accusation is based. Without such disclosure the court cannot determine whether he is entitled to immunity. No question of guilt or innocence arises and no determination of fact is required, but it must fairly appear from the showing made that petitioner's claim is not without foundation and is made in good faith.

While no affidavits were filed with the Petition for Removal and the facts as set forth therein did not satisfy the requirement of certainty and specificity announced in Colorado v. Symes, *supra*, we granted the accused leave to file affidavits showing that they are entitled to removal. See Colorado v. Symes, *supra* 286 U.S. at 521, 52 S.Ct. 635. On October 17, 1969 we received affidavits from both Keim and Moverman. A Supple-

mentary Affidavit in Opposition was received from Cohen on October 23, 1969.

Keim avers that he is Assistant Building Manager at 26 Federal Plaza, New York City; that it is his duty to supervise the maintenance and operation of that building, including its garage and parking lot, to supervise the activities of the building guards, and to obtain identification from persons who park illegally in the garage.

Moverman avers that he is a Regional Safety Officer also at 26 Federal Plaza; that it is his duty in part to supervise the activities of the building guards; that the building guards are charged with enforcing the building regulations, including the one which prohibits parking on federal property without a permit except in an emergency.

Cohen states that the alleged harassment took place in the garage at 26 Federal Plaza on March 20, 1969 when he attempted to remove his car from the premises. Defendants aver specific facts which, if proved, would constitute the following complete federal defense to the harassment charged: that Cohen was parked illegally in the garage; that acting under color of authority and in discharge of their official duties they attempted with reasonable force to detain Cohen who sought to leave the scene without identifying himself; that the alleged offensive acts of harassment were, accordingly, privileged conduct.

Unlike the affidavits in Colorado v. Symes, *supra* and Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926), these defendants' allegations are not vague or uncertain as to any essential detail of the claimed defense and do negative the possibility that they were doing other than official acts at the time or on the occasion of the alleged harassment. See Colorado v. Symes, *supra* 286 U.S. at 519 and 521, 52 S.Ct. 635. Whether these facts as alleged by defendants will prove out upon trial we of course need not and do not decide.

We distinguish such cases as Goldfarb v. Muller, 181 F.Supp. 41 (D.N.J.1959) and Oklahoma v. Willingham, 143 F. Supp. 445 (E.D.Okl.1956), which involved alleged traffic offenses by a driver of a United States postal truck, on the ground that "the mere fact that the defendant was on duty and delivering mail along his route does not present any federal question or defense under federal law. * * * his defense is under state law and is not different from that of any other citizen." Oklahoma v. Willingham, *supra* at 448. Here, on the other hand, defendants assert as their defense that performance of their official duties mandated the very conduct charged to be violative of State law.

 The complainant's remaining contention is also without merit. The County Law of the State of New York, McKinney's Consol.Laws, c. 11, §§ 700 and 927 clearly does not prohibit the District Attorney from prosecuting this action, for the offense alleged herein is *"cognizable* by the courts of the county for which he shall be elected or appointed * * *."* (emphasis added).

Accordingly, we deny the motion to remand.