In re: METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

This document relates to: Orange County Water District v. Unocal Corp., et al., No. 04 Civ. 4968(SAS)

City of Riverside v. Atlantic Richfield Co., et al., No. 04 Civ. 4969(SAS)

Quincy Community Services District v. Atlantic Richfield Co., et al., No. 04 Civ. 4970(SAS)

City of Roseville v. Atlantic Richfield Co., et al., No. 04 Civ. 4971(SAS)

The People of the State of California, et al. v. Atlantic Richfield Co., et al., No. 04 Civ. 4972(SAS)

City of Fresno v. Chevron USA, Inc., et al., No. 04. Civ. 4973(SAS)

California–American Water Co. v. Atlantic Richfield Co., et al., No. 04 Civ. 4974(SAS)

Silver, et al. v. Alon USA Energy, Inc., et al., No. 04 Civ. 4975(SAS)

No. MASTER FILE 1:00–189. Nos. MDL 1358(SAS), M 21–88.

United States District Court, S.D. New York.

Nov. 3, 2004.

Michael Axline, Miller, Axline & Sawyer, Sacramento, CA, for Plaintiffs Orange County Water District City of Fresno.

Victor Sher, Sher Leff LLP, San Francisco, CA, for Plaintiffs Orange County Water District City of Riverside Quincy Community Services District City of Roseville California–American Water Co. Martin Silver, et al. Sacramento County Water Agency Sacramento Groundwater Authority Citrus Heights Water District Del Paso Manor Water District Fair Oaks Water District Florin Resource Conservation District Rio Linda Elverta Community Water District Sacramento Suburban Water District San Juan Water District City of Sacramento.

Jan Scully, Russ Detrick, Sacramento County Office of the District Attorney, Consumer & Environmental Protection Division, Sacramento, CA, for Plaintiff The People of the State of California.

Robert Gordon, C. Sanders McNew, Stanley N. Alpert, Weitz & Luxenberg, P.C., New York City, for Plaintiffs.

Peter John Sacripanti, James A. Pardo, Stephen J. Riccardulli, McDermott, Will & Emery, New York City, for Defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

## I. INTRODUCTION

In this consolidated multi-district litigation, plaintiffs allege that defendants have caused the contamination or threatened contamination of groundwater through their use of the gasoline additive methyl tertiary butyl ether ("MTBE"). Although MTBE is supposed to reduce air pollution by making fuel cleaner burning, plaintiffs assert that it pollutes the water supply whenever gasoline is released into the environment.[1]

Defendants removed the actions from various state courts, asserting four grounds of subject matter jurisdiction: (1) federal agent jurisdiction; (2) substantial federal question; (3) complete preemption; and (4) bankruptcy jurisdiction. In a series of jurisdictional challenges, I held that this Court has federal agent jurisdiction over some, and bankruptcy jurisdiction over all, of the MTBE cases pending before it.[2] With respect to the former, I found that preemption constitutes a colorable federal defense, which is a prerequisite for federal agent jurisdiction.[3] At the time I considered the issue, the California plaintiffs were not yet before this Court.

After these cases were transferred to me, plaintiffs moved to remand based on the argument that defendants had not properly alleged a colorable "federal" defense.[4] Specifically, they argue that preemption defenses are not "federal" for purposes of the federal officer removal statute, and that only immunity defenses can be asserted. I now consider whether preemption is a sufficient "federal" defense for removal under section 1442(a) of Title 28, the federal officer removal statute.

## II. APPLICABLE LAW

### A. Removal and Remand

▪ Section 1447(c) of Title 28 provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When a party challenges the removal of the action from state

---

**1.** For a full recitation of plaintiffs' fact allegations, see the Court's previous opinions in this multi-district litigation. See *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 175 F.Supp.2d 593 (S.D.N.Y.2001) ("*MTBE I*") (concerning preemptive effect of Clean Air Act); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 209 F.R.D. 323 (S.D.N.Y.2002) ("*MTBE II*") (denying class certification); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 342 F.Supp.2d 147 (S.D.N.Y.2004) ("*MTBE III*") (federal agent jurisdiction); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 341 F.Supp.2d 351 (S.D.N.Y.2004) ("*MTBE IV*") (declining to abstain); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 341 F.Supp.2d 386 (S.D.N.Y.2004) ("*MTBE V*") (bankruptcy jurisdiction); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 361 F.Supp.2d 137 (S.D.N.Y.2004) ("*MTBE VI*") (sovereign immunity).

**2.** See *MTBE III*, 2004 WL 515535; *MTBE V*, 341 F.Supp.2d 386. I have also held that state sovereign immunity does not bar defendants' removal of cases brought by one or more states. See *MTBE VI*, 361 F.Supp.2d 137.

**3.** See *MTBE III*, at 158.

**4.** Plaintiffs also moved for certification pursuant to 28 U.S.C. § 1292(b). Because the motion is premature, I decline to rule on it at this time. Pursuant to Case Management Order # 3, defendants shall have ten (10) days from the date of this Opinion and Order to file opposition papers to the 1292 motion. Plaintiffs shall respond within ten (10) days after the opposition is served.

court, the burden falls on the removing party "to establish its right to a federal forum by 'competent proof.' " [5] "Out of respect for the independence of state courts, and in order to control the federal docket, 'federal courts construe the removal statute narrowly, resolving any doubts against removability.' " [6] If the removing party cannot establish its right to removal by "competent proof," the removal was improper, and the district court must remand the case to the court in which it was filed.[7]

■■ In the absence of diversity jurisdiction, a case is generally not removable if the complaint does not affirmatively allege a federal claim.[8] District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." [9] A case "arises under" federal law when federal law provides for the cause of action,[10] or where the vindication of a right turns on some construction of federal law.[11]

■ "To determine whether a claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential defenses." [12] The presence of a federal defense does not raise a federal question, even if the "defense is anticipated in the plaintiff's complaint, and even if . . . the federal defense is the only question truly at issue." [13]

■ Two exceptions to the well-pleaded complaint rule permit removal of state law actions. *First*, a case arises under federal law, and is thus removable, when a federal statute wholly displaces the state law cause of action through complete preemption.[14] *Second*, a state law case may be removed where Congress specifically gives federal courts jurisdiction over a particular subject matter.[15]

## B. Federal Agent Jurisdiction

■ The federal officer removal statute is a jurisdictional enactment that overcomes the well-pleaded complaint rule.[16] Thus, persons acting under color of any

5. *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

6. *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02 Civ. 9580, 2003 WL 22283814, at *2 (S.D.N.Y. Oct. 2, 2003) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991)). *See also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

7. *See, e.g., Kings Choice Neckwear*, 2003 WL 22283814.

8. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

9. 28 U.S.C. § 1331.

10. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

11. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

12. *Beneficial Nat'l Bank*, 539 U.S. at 6, 123 S.Ct. 2058.

13. *Marcus v. AT&T Corp.*, 138 F.3d 46, 53 (2d Cir.1998) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). *Accord City of Rome v. Verizon Communications, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004).

14. *See Beneficial Nat'l Bank*, 539 U.S. at 8, 123 S.Ct. 2058 ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *City of Rome*, 362 F.3d at 176.

15. *See id.*

16. *See Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989).

federal officer or agency may remove a case to federal court despite the absence of a federal cause of action.[17] Although section 1442(a) permits removal where a federal claim has not been *stated*, the action must nevertheless *raise* an issue of federal law because the statute does not independently support Article III "arising under" jurisdiction. "Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes."[18]

 Therefore, to remove a case under section 1442(a), a party must sufficiently allege that (1) it acted under the direction of a federal officer or agency; (2) it has a colorable federal defense; and (3) there is a causal nexus between the federal direction and the conduct at issue.[19] The second requirement is broadly construed; a defense need only be colorable, not clear-

ly sustainable.[20] Some courts have also said that the removing party must be a "person" within the meaning of the statute.[21] However, it is no longer generally disputed that corporations constitute "persons."[22]

## III. DISCUSSION

 In support of their motion, plaintiffs argue that preemption is not a removable federal defense: a federal defense for purposes of section 1442(a) is one that is "based on" a defendant's contention that he was acting under federal direction at the time of the conduct of which the plaintiff complains.[23] Plaintiffs also assert that preemption defenses should be decided in state court pursuant to section 1441,[24] absent some other, independent basis for federal jurisdiction. State courts regularly determine federal preemption defenses, which are not normally removable.[25]

Section 1442(a) provides:

17. *See Jefferson County v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) ("Suits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint.").

18. *Mesa*, 489 U.S. at 136, 109 S.Ct. 959.

19. *See Jefferson County*, 527 U.S. at 431, 119 S.Ct. 2069; *Mesa*, 489 U.S. at 133–35, 109 S.Ct. 959; *In re Agent Orange Prod. Liab. Litig.*, 304 F.Supp.2d 442, 446 (E.D.N.Y. 2004); 16 James Wm. Moore et al., *Moore's Federal Practice*, ¶ 107.15[1][b][ii].

20. *See Jefferson County*, 527 U.S. at 431, 119 S.Ct. 2069 ("We ... do not require the officer virtually to 'win his case before he can have it removed.' ") (citation omitted); *Colorado v. Symes*, 286 U.S. 510, 519, 52 S.Ct. 635, 76 L.Ed. 1253 (1932) (where a defendant seeks removal pursuant to the federal officer removal statute, "no determination of fact is required but it must fairly appear from the showing made that [the defendant's removal] claim is not without foundation and is made in good faith.").

21. *See, e.g., In re Agent Orange*, 304 F.Supp.2d at 447.

22. *See* 1 U.S.C. § 1 ("[U]nless the context indicates otherwise ... the words 'person' and 'whoever' include corporations, companies ... and joint stock companies, as well as individuals ...."); *see also Group Health Inc. v. Blue Cross Ass'n*, 587 F.Supp. 887, 890 (S.D.N.Y.1984) (corporations are entitled to remove under section 1442(a)).

23. *See* Memorandum of Law in Support of California Plaintiffs' Motion for Remand or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) ("Pl.Mem.") at 4–7.

24. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

25. *See* Pl. Mem. at 5–6.

A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: [ ] The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress.... [26]

Although the statute is silent, the Supreme Court has made clear that removal under section 1442(a) must be predicated on the averment of a colorable federal defense. In *Mesa v. California*,[27] two U.S. postal workers were separately charged in state criminal proceedings with traffic violations arising out of unrelated accidents while they were operating their mail trucks. Petitioners removed their cases to federal court based on the fact that they were federal employees, and the charges arose from accidents occurring while they were on duty and acting within the scope of their employment. The district court accepted the petition. However, the court of appeals issued a writ of mandamus, ordering the district court to remand the cases because petitioners had not raised a claim of immunity or other federal defense. In affirming the decision, the Supreme Court examined section 1442(a) and its statutory forebears, and concluded that removing parties had always been required to assert a colorable defense based on federal law.[28] Furthermore, the Court explained that section 1442(a) is a jurisdictional statute that defeats the well-pleaded complaint rule but does not independently confer federal question jurisdiction. Rather, it is the averment of a federal defense that supplies the substantive Article III "arising under" jurisdiction.[29] Because the purpose of the defense is to supply subject matter jurisdiction, any federal defense will suffice. The Court set out the standard as "colorable federal defense."[30] It did not—and has not—limited which federal defenses can be raised.[31]

Instead, the Supreme Court has advised that the policy underlying removal by federal officers "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)."[32] In *Willingham v. Morgan*,[33] the Supreme Court held that the

---

26. 28 U.S.C. § 1442(a).

27. 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99.

28. *See id.* at 125–134, 109 S.Ct. 959.

29. *See id.* at 136, 109 S.Ct. 959.

30. *See id.* at 129, 109 S.Ct. 959 ("[W]e have not departed from the requirement that federal officer removal must be predicated on the allegation of a colorable federal defense.").

31. *See Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981) ("[Removal] *also* enables the defendant to have the validity of his immunity defense adjudicated in a federal forum."); *Willingham v.*

*Morgan*, 395 U.S. 402, 406–07, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969) ("*At the very least*, [the federal officer removal statute] is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law.... In fact, *one of* the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.") (emphasis added); *see also In re Agent Orange*, 304 F.Supp.2d at 450 ("[T]he [Supreme] Court did not limit the scope of federal law defenses in removal cases to immunities.").

32. *Willingham*, 395 U.S. at 407, 89 S.Ct. 1813.

33. 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396.

"color of office" test for removal under the federal officer removal statute was broader, not narrower, than the test for official immunity. In so holding, the Court reasoned that "[f]ederal jurisdiction rest[ed] on a federal interest in the matter, the very basic interest in the enforcement of federal law through federal officials." [34] The right to removal is absolute when a state court action is for any act done under color of office because the federal government

> "can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offense against the law of the State, yet warranted by the Federal authority they possess . . . the operations of the general government may at any time be arrested at the will of one of its members." [35]

The right of removal therefore protects federal officers as a means of ensuring the supremacy of federal law. [36]

It cannot really be argued that preemption is not "federal" because the defense would not exist in the absence of federal law. Instead, plaintiffs urge this Court to read "federal" to mean "immunity." However, nothing in the statute itself or the case law supports such a narrow and grudging interpretation of the federal defense requirement. It is true that the Supreme Court has spoken of the importance of having the immunity defense considered in federal court, as a basis for removal. [37] This is not surprising given that immunity often arises in cases where the removing party is a government employee. [38] In that situation, the asserted federal defense arises out of the official's employment duties. However, when the party is an entity that has acted under the direction of a federal officer, it is logical to recognize other federal defenses because

---

34. *Id.* at 406, 89 S.Ct. 1813 (quotation marks and citation omitted). *Accord Manypenny*, 451 U.S. at 242 n. 16, 101 S.Ct. 1657 ("It has been 100 years since the Court . . . first emphasized the need to safeguard the exercise of legitimate federal authority [ ]").

35. *Willingham*, 395 U.S. at 406, 89 S.Ct. 1813 (quoting *Tennessee v. Davis*, 100 U.S. 257, 263, 25 L.Ed. 648 (1879)).

36. *See Symes*, 286 U.S. at 517, 52 S.Ct. 635 ("The various acts of Congress constituting the [federal officer removal statute] were enacted to maintain the supremacy of the laws of the United States by safeguarding officers and others acting under federal authority against peril of punishment for violation of state law . . . ."); *Davis*, 100 U.S. at 265, 100 U.S. 257 ("[T]he judicial power is the instrument employed by the government in administering this security."). *See generally* Kenneth S. Rosenblatt, *Removal of Criminal Prosecutions of Federal Officials: Returning to the Original Intent of Congress*, 29 Santa Clara L.Rev. 28–41 (1989) (recounting the history of section 1442(a)).

37. *See, e.g., Manypenny*, 451 U.S. at 242, 101 S.Ct. 1657 ("Federal involvement is necessary in order to insure a federal forum, but it is limited to assuring that an impartial setting is provided in which the federal defense of immunity can be considered during prosecution under state law."); *Willingham*, 395 U.S. at 407, 89 S.Ct. 1813 ("[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.").

38. *See, e.g., Mesa*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989); *Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (border patrolman); *Willingham*, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (warden and chief medical officer of federal prison); *Symes*, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253 (prohibition agent); *Maryland v. Soper*, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926) (prohibition officers); *Davis*, 100 U.S. 257, 10 Otto 257, 25 L.Ed. 648 (revenue collector); *The Mayor v. Cooper*, 73 U.S. 247, 6 Wall. 247, 18 L.Ed. 851 (1867) (mayor and alderman).

the situation may not fit the historical model. Accordingly, courts have recognized removable defenses other than immunity—for instance, the government contractor defense,[39] self-defense,[40] federal regulations under CERCLA,[41] and preemption.[42]

I, too, conclude that preemption is a colorable federal defense for purposes of the federal officer removal statute. This holding comports with the policy underlying section 1442(a). Here, the federal government has a significant interest in curtailing air pollution through the enforcement of the Clean Air Act ("CAA"). Defendants assert two preemption defenses: express preemption and conflict preemption. *First*, defendants contend that

state law claims seeking to penalize defendants for using MTBE interfere with federal controls on fuel and fuel additives as set forth in the CAA.[43] *Second,* they argue that it would have been impossible for them to adhere to federal law and to state controls banning MTBE because MTBE was the only approved oxygenate available in quantities necessary to meet the CAA's requirements.[44] If defendants' assertions are true, plaintiffs' state law claims would present an obstacle to the enforcement of federal law. Thus, it is appropriate to permit defendants to remove these actions to federal court.

One could argue that the federal government has an interest every time a federal defense is asserted. Nonetheless, not all

**39.** *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 401 (5th Cir.1998); *In re Agent Orange*, 304 F.Supp.2d at 449; *Arness v. Boeing N. Am., Inc.*, 997 F.Supp. 1268, 1272 (C.D.Cal.1998); *Guillory v. Ree's Contract Serv., Inc.*, 872 F.Supp. 344, 346 (S.D.Miss.1994); *Crocker v. Borden, Inc.*, 852 F.Supp. 1322, 1327 (E.D.La.1994).

**40.** *See Mesa*, 489 U.S. at 127, 109 S.Ct. 959 (U.S. postal worker's justification of self-defense depended on federal revenue laws and provided necessary predicate for removal); *New York v. Tanella*, 239 F.Supp.2d 291, 296–97 (E.D.N.Y.2003) (either justification of self-defense or immunity under the Supremacy Clause would entitle Drug Enforcement Administration agent to removal).

**41.** *See California v. H & H Ship Serv. Co.*, No. 94–10182, 1995 WL 619293, at *2 (9th Cir. Oct. 17, 1995).

**42.** *See Tennessee ex rel. Cookeville v. Upper Cumberland Elec. Membership Corp.*, 256 F.Supp.2d 754, 758 (M.D.Tenn.2003); *Watson v. Philip Morris Co., Inc.*, No. 4:03–CV–519, 2003 WL 23272484, at *10 (E.D.Ark. Dec. 12, 2003); *Arnold v. Blue Cross & Blue Shield of Tex.*, 973 F.Supp. 726, 739 (S.D.Tex.1997), *overruled on other grounds in Winters*, 149 F.3d 387. *But see Guckin v. Nagle*, 259

F.Supp.2d 406, 418 (E.D.Pa.2003) (rejecting preemption as removable federal defense).

Plaintiffs argue that in the few cases permitting preemption defenses, the courts did not address the issue of whether preemption is a removable "federal" defense. Therefore, the cases have no precedential value as the question was never considered. *See* California Plaintiffs' Reply to Defendants' Opposition to Motion for Remand ("Pl.Rep.Mem.") at 2–3. However, I cite these and other cases only to emphasize that courts have interpreted the federal defense requirement broadly.

**43.** Although defendants' express preemption argument was rejected in *MTBE III* and *MTBE V*, it was colorable at the time it was raised. Some courts have held that plaintiffs' claims are preempted. *See, e.g., Coppola v. Amerada Hess Corp.*, No.2001/3995, slip op. at 5 (Dutchess County July 31, 2002), Ex. 19 of Appendix of Supplemental Authorities to Defendants' Opposition to Plaintiffs' Motions to Remand in *MTBE III* ("Supp.Auth."); *Molloy v. Amerada Hess Corp.*, No, 2001/396, slip op. at 5 (Dutchess County Aug. 1, 2002), Ex. 20 to Supp. Auth.; *Hixon v. Unocal Corp.*, No. BC 195295, slip op. at 1–2 (Super. Ct. Los Angeles County Aug. 23, 2001), Ex. 22 to Supp. Auth.; *Kubas v. Unocal Corp.*, No. BC 191876, 2001 WL 1940938, at *10 (Cal.Super. Aug. 23, 2001).

**44.** *See MTBE III*, at 155–56.

federal defenses are removable. Removal under section 1442(a) is only permitted when the removing party is a federal officer or acting under the direction of a federal officer, and the suit is based upon acts done under color of such authority.[45] When these two factors are present, Congress has chosen to allow removal of any federal defense.

Plaintiffs contend that section 1441 evinces a congressional determination that preemption defenses should be tried in state court.[46] Although state courts regularly examine preemption issues, that does not mean preemption defenses lie exclusively in the province of state courts. Sections 1442 and 1441 are not mutually exclusive. State courts may consider any federal defense, including immunity, if the case is not removed to federal court. Therefore, plaintiffs' argument that preemption defenses can only be tried in state court pursuant to section 1441 fails.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion to remand is denied. Preemption constitutes a colorable federal defense for purposes of the federal officer removal statute. As noted in the Court's prior opinions, defendants have averred facts sufficient to support removal. The Clerk of the Court is directed to close this motion.

SO ORDERED.

**45.** *See Symes,* 286 U.S. at 518, 52 S.Ct. 635 ("Federal officers and employees are not, merely because they are such, granted immunity from prosecution in state courts for crimes against state law.").

