WILLIAM T. FAHY *vs.* THE MELROSE FREE PRESS INC.

Middlesex.   April 9, 1937. — September 17, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Libel and Slander.   Pleading, Civil,* Declaration, Demurrer.

A newspaper article charging in effect that a police officer of a city habitually used the city's time and office materials in writing personal letters "to vent his spleen," which involved the loss by the city of "a considerable sum," could not be ruled not libellous as matter of law.

A count in a declaration for libel which stated a cause of action was good on a demurrer to the count as a whole, even if some of the alleged statements were not libellous.

TORT. Writ in the Superior Court dated May 7, 1935.

The defendant's demurrer was sustained by *Walsh*, J., who reported the action.

*R. T. Bushnell*, for the plaintiff.

*L. S. Nicholson*, for the defendant.

QUA, J. This is an action for libel. The declaration is in two counts. Each count sets forth that the plaintiff was a lieutenant in the police department of Melrose and that the defendant published concerning the plaintiff a false and malicious libel as follows: " 'With the tax rate at $36, the highest on record, overburdened taxpayers believe that every city department should adopt methods to insure savings in their expense wherever possible. One way in which apparently a considerable sum could be saved appears to be in the police department where the lieutenant (Fahy),' meaning the plaintiff, 'uses the department typewriter, office stationery,' meaning by said phrase stationery purchased and owned by the said city of Melrose for use in the official business of the police department of the said city, 'tax paid for time, light, postage stamps, etc.,' meaning thereby that the time, light and postage stamps referred to were paid for out of public funds belonging to the city of Melrose and raised by taxation for public, municipal purposes, 'to compose personal letters to vent his,' meaning the plaintiff's, 'spleen.' "

The only substantial difference between the two counts is that the first count includes, among other characterizations common to both counts, an assertion that the article charges the plaintiff with fraudulent conversion of property of the city in violation of G. L. (Ter. Ed.) c. 266, § 51. The real ground of demurrer to each count is that the publication is not libellous, although the demurrer to the first count also states as a ground that the article does not charge violation of the statute.

In this Commonwealth the rule has been stated repeatedly that "it is only when the court can say that the publication is not reasonably capable of any defamatory meaning, and cannot reasonably be understood in any defamatory sense, that the court can rule, as matter of law, that the publica-

tion is not libellous." *Twombly* v. *Monroe,* 136 Mass. 464, 469. *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258, 261. *King* v. *Northeastern Publishing Co.* 294 Mass. 369, and cases cited. And a publication is defamatory when it tends to injure one's reputation in the community and to expose him to hatred, contempt or ridicule. *Commonwealth* v. *Clap,* 4 Mass. 163, 168. *Lyman* v. *New England Newspaper Publishing Co. supra.* Neither injury in one's business or office nor the imputation of a crime is necessary, although these are factors to be taken into account if proved. *Bishop* v. *Journal Newspaper Co.* 168 Mass. 327, 331. *Louka* v. *Park Entertainments, Inc.* 294 Mass. 268, 271, and cases cited.

In the case before us a jury could find that some at least of the readers of the article would understand it to mean that the plaintiff habitually employed the time for which he was paid by the city and used materials furnished by the city for the private purpose of venting his "spleen" and that he did this to such an extent as to make the matter, in the opinion of the newspaper, a proper subject for public comment and as to involve the waste of "a considerable sum." It cannot be said as matter of law that belief by readers in the truth of such a statement would not tend to lower their opinion of the plaintiff both as a police lieutenant and as a man, and if, as is alleged, the statement was untrue, it could be found to be a libel.

It need not be decided whether the article could be found to charge a violation of the statute hereinbefore referred to, as alleged in the first count, for the demurrer is laid to the count as a whole, and the inclusion of this allegation did not render the whole count bad. *Granara* v. *Italian Catholic Cemetery Association,* 218 Mass. 387, 393. *Vitagraph, Inc.* v. *Park Theatre Co. of Boston,* 249 Mass. 25, 31. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 484.

The demurrer should have been overruled as to each count.

*Order sustaining demurrer reversed.*