Claude M. BRENNER, Plaintiff,

v.

Dr. William KELLY, Dr. Alan C. Hymes and Dr. W. G. Weathers, Defendants.

No. 4–61 Civ. 247.

United States District Court
D. Minnesota,
Fourth Division.

Jan. 8, 1962.

Alan L. Stiegler and Ross Sussman, Minneapolis, Minn., for plaintiff in support of motion.

Crane Winton, Minneapolis, Minn., for defendants Dr. William Kelly and Dr. Alan C. Hymes in opposition.

Miles Lord, U. S. Atty., and John J. Connelly, Asst. U. S. Atty., Minneapolis, Minn., for defendant Dr. W. G. Weathers in opposition.

NORDBYE, District Judge.

This action came before the Court on plaintiff's motion to remand.

Plaintiff brought this action in State Court seeking damages in the sum of $100,000 against the defendants, all of whom are physicians and surgeons in the employ of the Veterans Administration Hospital, Minneapolis, Minnesota. He alleges that the defendants failed to exercise reasonable care in performing an operation on him in that they wrongfully and needlessly removed a normal left fifth rib when they should have removed the sixth rib with its attendant tumor. He contends that the removal of the fifth rib constituted an assault and battery and a trespass upon his person, causing him pain and suffering and permanent injuries, with attendant consequences, not necessary to relate here in detail. A timely petition was filed by the defendants for removal to this Court under and pursuant to Title 28, United States Code, § 1442(a) (1), the pertinent portions of which read:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *."

The basis for removal is the petition filed by the defendants. In considering the applicability of the statute under which this proceeding was removed, we commence with the premise that the Veterans Administration is an agency of the United States and that these defendants were acting under an agency of the United States, and hence may be classed as officers thereof. The question posed by this motion is: Were they acting under the color of such office when they allegedly were negligent in performing an operation on plaintiff's person at the Vet-

erans Hospital? Concededly, these doctors in the performance of this operation were acting in their capacity as physicians and surgeons employed by the United States. The allegation of assault and battery when defendants allegedly removed the wrong rib in performing the operation does not change the proceeding under the removal statute from the usual malpractice case.

At the outset, however, we are confronted with a petition for removal which merely recites,

"4. That the Petitioners are physicians and surgeons in the employ of the United States at the United States Veterans Administration, an agency of the United States at the Veterans Hospital located at Fort Snelling, Minneapolis, Minnesota, and that in said capacity, the plaintiff alleges that they did perform and assist in performing surgery on the plaintiff herein.

"5. That plaintiff herein alleges that the defendants negligently failed to exercise ordinary care, and failed to exercise reasonable degree of learning, care, skill and experience in the performance of the surgery mentioned in Plaintiff's complaint.

"6. That by reason of each and all of the above statements said action is an action removable from the Court from [sic] which it was commenced to the United States District Court, District of Minnesota, Fourth Division, under and pursuant to Title 28, United States Code, 1442 (a) (1) and 1446(b)."

(Section 1446(b) is the procedural statute for removal).

■ There is, of course, a complete absence of any facts in this petition which would justify a finding that these defendants did that which they are charged with doing under color of their office as employees of the Veterans Administration. In other words, there is no affirmative showing that the acts with which they are charged were done by virtue of

any Federal authority or within its ambit. Moreover, there is no showing that there is any official connection between that which they allegedly did and the authority vested in them as officers of the United States. There is no claim of right under Federal authority. In performing acts under color of office, the acts must come within the scope of the necessary incidents of the defendants' duties as officers of the United States. The alleged negligent act of a physician or surgeon who is employed by the United States in administering medical care or surgical treatment is not shown to be an incident of his official duties. In other words, the defendants are not contending that they were ostensibly acting in accordance with the duties of their official positions. It is not suggested here in the petition for removal or otherwise that the alleged malpractice was predicated on any Federal right or authority. No Federal defense or question under Federal law is presented. See State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648.

The statute in question as to the right of removal refers to criminal as well as civil proceedings. The language used by Chief Justice Taft in State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L. Ed. 449, as to removal of a criminal proceeding, is apposite here. The statute considered by the court in the Soper case has since undergone amendments, but the decision does tend to clarify the term "under color of office" and that language after the amendments is to be accorded the same interpretation as before. The court states, p. 33, 46 S.Ct. p. 190,

"The prosecution to be removed under the section must have been instituted 'on account of' acts done by the defendant as a federal officer under color of his office or of the revenue or prohibition law. There must be a causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him, for whatever offense, has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his not justified by his federal duty."

In considering the decisions of the lower courts which have passed upon similar questions, one finds a great deal of confusion and sometimes superficial consideration of the applicable statutes which are involved. Some of the confusion has arisen because decisions considering petitions for removal under Section 1442(a) (1) have relied upon opinions of courts which have had under consideration removal proceedings under Section 1442(a) (3), which grants the right of removal to "any officer of the courts of the United States for any Act *under color of office or in the performance of his duties*." Obviously, there is a marked distinction between the two subdivisions in that under Section 1442(a) (1), the acts which are the basis for the removal must have been under color of the officer's office, while under Section 1442(a) (3) the removal may be made when the act or acts complained of are either under "color of office or in the performance of his duties."

Circuit Judge Forman of the Third Circuit, sitting specially in Goldfarb v. Muller, D.C., 181 F.Supp. 41, has dispelled much of the confusion which has arisen in many of the decisions and has made it clear that acts performed by an officer of the United States in the "performance of his duties" are not synonymous with acts performed "under color of office." Furthermore, Judge Forman emphasizes that this statute was not enacted to make available to the officers of the United States the forum of the Federal Courts when they commit negligent acts which have no causal connection with their official duties. If this statute is to be construed as the defendants propose, then every negligent act performed by an officer of the United States in the performance of his duties becomes cognizable by the Federal Courts in the event

874

litigation is predicated thereon. Such a construction of the statute would afford the right of removal to Federal Courts of all automobile cases, for instance, regardless of the amount in controversy, brought in State Courts against the many Federal employees throughout the Nation where it is made to appear that at the time of the accident the defendant was operating his car in the performance of his duties as an officer of the United States. It is inconceivable that Congress intended such a broad interpretation of the provisions of the statute in question. Under this statute, the Government is not concerned with the litigation forum of its employees.[1]

■■■ The history of the origin of this statute with its subsequent amendments, State of Maryland v. Soper, supra, Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, Goldfarb v. Muller, supra, and State of Oklahoma v. Willingham, D.C., 143 F.Supp. 445, indicates that Congress intended that unless an officer of the United States can justify that which he did by reason of some official connection between the acts complained of and his official duties, the proceeding is not removable. There is no contention in this petition for removal that the alleged negligent acts, if any, were performed within the scope of the Federal duties imposed upon the defendants as government employees. Under these circumstances, therefore, the defendants should be relegated to the same status in our Courts as would befall a private medical practitioner when charged with malpractice. No one suggests that the State Courts will not afford these defendants as officers of the United States the same fair and impartial trial as would be accorded to a private practitioner.

As indicated heretofore, there are decisions to the contrary. They are collated and distinguished by Judge Forman in Goldfarb v. Muller, supra. The most recent decision is Galbert v. Shivley, D.C.,

186 F.Supp. 150 (1960), which is in accord with the views expressed herein.

It follows, therefore, that plaintiff's motion to remand must be granted. An order of remand may be presented. An exception is allowed.

1. See Public Law 87–258; 75 Stat. 539, Government Employees-Suits Arising out of Motor Vehicle Operation, approved September 21, 1961, effective March 22, 1962, 28 U.S.C.A. § 2679.