■ JACK YARMOVE, Respondent, v. RETAIL CREDIT COMPANY, Appellant.— Order, entered on November 2, 1962, granting plaintiff's motion in this action for libel to strike the second complete defense of justification, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion denied. The greater part of the defense amounts to an assertion of truth of the exact libel pleaded. As to the remainder, while it is true that one defamatory charge may not be justified by proof of another, even if the other charge is the more serious, this is not the applicable rule here (Restatement, Torts, § 582, Comment e; Seelman, Law of Libel and Slander, pars. 173, 177, 178, 179, 180, 319; Prosser, Torts [2d ed.], pp. 631–632). Relevant here is the rule that truth need not be established to the extreme, literal degree (Restatement, Torts, *loc. cit.*; Seelman, *op. cit.*, par. 172; Prosser, *op. cit.*, p. 632). Moreover, the charges in the credit report, the allegedly defamatory paper, were relatively general. The variations

between the published matter (the charges) and the more particularized matter pleaded in justification involve identical categories of character and conduct. Indeed, some of the variations only involve differences in degree of the qualities attributed to plaintiff in the credit report, the proffered justification being the greater in degree. Considering the nature of the alleged libel, the higher degree includes the lesser. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.