Gerald P. Culkin, J.
This is an action by plaintiffs against defendants seeking injunctions and damages. The defendants move for an order dismissing the first, fifth, sixth, seventh, eighth and ninth causes of action as insufficient.
As to the first cause of action, defendants allege that under the Nasman case, cited in all the briefs (49 N. Y. S. 2d 181), section 340 of the General Business Law, which prohibits the restraint of trade, does not apply to real estate transactions. That case so holds. Since the decision in that case, section 340 has been amended (L. 1957, ch. 893) thereby changing the effect of the Nasman case. In Matter of Kates v. Lefkowits (28 Misc 2d 210, 214) the court said: “It seems to me that the broad language substituted by the Legislature in the 1957 amendment of section 340 was intended to apply to the conduct of any business ”. To further bolster this conclusion, section 340 was changed by the 1957 amendment to read “ conduct of any business # * * or in the furnishing of any service in this state. ’ ’ (Italics added.) No reason has been advanced by defendants for reading section 340 less literally than its terms suggest. Therefore defendants’ motion to dismiss as to this point is denied.
Defendants seek to dismiss the fifth through the ninth causes of action which are based upon slander. It is urged that there *712 has been a failure of plaintiff to properly plead the publication of the slander. The complaint in each instance alleges that the slanderous remarks were made ‘ ‘ in the presence of divers persons. ” Such an allegation was held to be sufficient in Kavanagh v. Thomas (218 App. Div. 780); see, also, Caruso v. Madeo (201 N. Y. S. 2d 69).. The pleadings will not be deemed insufficient solely on the basis of failure to allege the specific person to whom publication was made. Motion to dismiss as to this point is denied.
It is also contended by defendants that the statements contained in the fifth through eighth causes of action are not slanderous per se and since the plaintiff has not alleged any special damages, which is required if there is no slander per se, these causes of action should be dismissed. The plaintiff has alleged that the statements made by defendants were framed so as to refer to plaintiff in her capacity as real estate broker and, considering the circumstances surrounding these utterances, it can fairly be said that they were made in relation to the plaintiff’s professional capacity and known to be such by its listeners. (See Shakun v. Sadinoff, 272 App. Div. 721.) The words in effect conclude that plaintiff is unethical, that she antagonizes people, and that she is litigious. These are defamatory, especially the words imputing lack of ethics (see Jack Braunstein, Inc. v. Oleg Cassini, Inc., 20 Misc 2d 291). The motion to dismiss is denied as to this point.
The last contention is that defendant Brekstone denies the applicability of the doctrine of respondeat superior, which would thereby hold him liable for the statements of his employee Ruble, alleged in the sixth cause of action. Slander is an intentional tort and is not normally within the scope of anyone’s employment or authority. There are no facts alleging that the statements made by Ruble were within the scope of her authority either expressly, impliedly or apparently. (See Mazarredo v. Levine, 274 App. Div. 122.) Motion to dismiss the sixth cause of action is granted.