■ MAXINE GERARD, INC., et al., Respondents-Appellants, v. WILLIAM B. MAY & Co. et al., Appellants-Respondents.— Order, entered on August 1, 1966, denying defendants' motions to dismiss the first, fifth, seventh, eighth and ninth causes of action and granting the motion of defendants, Brekstone and Ruble, to dismiss the sixth cause of action, unanimously modified on the law to the extent of dismissing the fifth, eighth and ninth causes of action, with leave to plaintiffs to replead the fifth and ninth causes of action, without costs or disbursements to any party, and otherwise affirmed. The present complaint is silent as to whether the words mentioned in the fifth and ninth causes of action were spoken of the individual plaintiff in her capacity as a real estate broker; nor is there any allegation of special damages. The statement contained in the eighth cause of action is not defamatory and any amendment could not change its character. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ. [51 Misc 2d 711.]

■ In the Matter of PERRY'S REST. CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of the New York State Liquor Authority, suspending petitioner's liquor license on the ground of violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law (suffering or permitting licensed premises to become disorderly), annulled on the law, with $50 costs and disbursements to petitioner, and petition granted. The evidence is that on a single occasion a female solicited a police officer for immoral purposes in a conversation which took approximately two or three minutes. The bar was then in charge of a temporary employee, and it does not appear the licensee had knowledge of the occurrence. There is no evidence that the temporary employee overheard the conversation. The barmaid served the female two drinks, which were paid for by the police officers; one of the officers changed his seat; the female played the juke box with money given her by the officers; she then left the premises, followed by one of the police officers. A single occurrence, in the absence of knowledge on the part of management, is insufficient to establish the violation of suffering the premises to become disorderly. (*Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566; *Matter of Mur-Art-Sol*, v. *State Liq. Auth.*, 6 A D 2d 683; *Matter of Cat & Fiddle*, v. *State Liq. Auth.*, 24 A D 2d 753; *Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79.) Concur — Capozzoli, Tilzer, McNally and McGivern, JJ.; Steuer, J. P., dissents in the following memorandum: I dissent. Although only a single incident was proved, the circumstances were such that the Authority could conclude that it was not an isolated occurrence but typical of the way the premises were conducted. It is comparatively simple for the owner of licensed premises to deliberately avoid having knowledge of a particular incident of disorderliness so as to frustrate through contrived ignorance a proper regulation by the Authority.