**SANDERS LEAD COMPANY, INC., a corporation, Plaintiff,**

**v.**

**Richard J. LEVINE, Defendant.**

**Civ. A. No. 4160–N.**

United States District Court, M. D. Alabama, N. D.

Sept. 28, 1973.

N. J. Cervera, Cervera & Folmar and Oliver W. Brantley, Troy, Ala., for plaintiff.

Ira DeMent, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., M. D. Ala., Montgomery, Ala., for defendant.

## ORDER AND JUDGMENT

JOHNSON, Chief Judge.

The United States, in its motions filed September 14, 1973 and August 31, 1973, moves for summary judgment in this case; said motions are now submitted upon the pleadings, affidavits, evidence taken *ore tenus* upon plaintiff's motion to remand, and the briefs of the parties.

Plaintiff originally brought suit in state court against Richard J. Levine for an alleged libel. The United States removed the action to this Court on August 23, 1973. Defendant Levine is a commissioned officer in the United States Public Health Service. After receiving his initial training, he was as-

signed to the Alabama Department of Health. While there, he assisted in the preparation of a report dealing with the possible hazards of lead poisoning flowing from plaintiff's industrial establishment located in this district. This report contains the allegedly defamatory items.

In moving for summary judgment, the United States asserts on behalf of Levine the official immunity from suit which it claims constitutes a complete defense in this case. Plaintiff, on the other hand, introduced testimony at the hearing on the motion for remand which it contends shows Levine to be a state, rather than a federal employee. This evidence tended to show that while assigned to Alabama, Levine introduced himself both vocally and by business card as working for the State of Alabama. Considered most favorably to plaintiff, the opposition to the motion for summary judgment is based upon the premise that summary judgment is inappropriate for this case, there being a dispute over a material fact, *i. e.,* whether or not Levine was, at all times herein material, a federal employee.

We start with the axiom that "[a] motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues". 10 C. Wright and A. Miller, Federal Practice and Procedure 378–79 (1973). There are only two disputed issues in this case: (1) whether, at all times material to this case, defendant was an officer of the United States or of the State of Alabama, and (2) whether *official immunity* extends to Levine in this matter. Both issues are issues of law and not of fact.

(1). *Was Levine a United States Officer.* Defendant Levine was assigned to the State of Alabama pursuant to a statutory scheme which provides in part that:

(B). Persons considered to be so detailed shall remain as officers . . . in the Department [of

Health, Education and Welfare] *for all purposes*, except that the supervision of their duties during the period of detail may be governed by agreement between the Department and the State involved.

42 U.S.C. § 246(f)(3)(B) (emphasis added). On July 31, 1972, Levine entered upon his assignment to the State of Alabama. That he was at all times thereafter an officer of the United States is apparent from the above-quoted statute. His status is a conclusion of law, not of fact. It makes no difference in this case that Levine did not, when introducing himself, divulge all details of the statutory procedure by which he was assigned. That is hardly to be expected. It would also be ludicrous to assume that plaintiff and its officials altered their conduct toward him in reliance upon the fact that he was a state officer, not federal, and therefore he would be liable to suit. Unlike the United States, the State of Alabama has virtually complete sovereign immunity. Ala.Const. § 14 (1901). This sovereign immunity would have extended to Levine had he been acting as a state officer in the matters about which plaintiff complained. Aland v. Graham, 287 Ala. 226, 250 So.2d 677, 681 (1971); Southall v. Stricos Corp., 275 Ala. 156, 158, 153 So. 2d 234 (1963). This Court finds therefore, as a matter of law, that defendant Levine was, at all times here pertinent, an officer of the United States.

■ There is no dispute over the fact that, in these actions, defendant was acting within the line and scope of his authority. The Director of the Center for Disease Control, United States Public Health Service, Department of Health, Education and Welfare has submitted an affidavit stating that the actions here complained of were within the scope of Levine's employment as a United States officer. Plaintiff, in introducing evidence tending to show that defendant at that time was performing work for the state, has not at all contradicted the fact that Levine was acting within the scope

of his federal authority. The letter of agreement from the United States Government to the Alabama State Department of Health makes clear that a fundamental part of defendant's duties during his assignment to the state was the assistance of the state in the suppression of disease. Evidence introduced by plaintiff in no way shows that Levine acted outside the scope of his authority; it merely shows that he performed work for the state, which was of course a part of his federal duty. It is thus clear that plaintiff has not controverted the factual assertion of the United States that Levine was within the scope of his authority. Thus, with regard to the nature of Levine's employment, there is no disputed issue of fact.

(2). *Is Levine Immune from this Suit.* The United States asserts, in its motion for summary judgment, that Levine partakes of the official immunity from suit which is accorded certain executive officers. Liberally read, the evidence adduced by plaintiff at the hearing on motion to remand is an attempt to controvert the existence of the immunity defense.

The applicability of the immunity defense in any particular case is a legal conclusion drawn from the existence of many facts:

> It is not the title of his office but the duties with which the particular officer sought to be made to respond in damages is entrusted—the relation of the act complained of to "matters committed by law to his control or supervision", [citation omitted] which must provide the guide in delineating the scope of the rule which clothes the official acts of the executive officer with immunity from civil defamation suits.

Barr v. Mateo, 360 U.S. 564, 573–574, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959). It is this weighing test which distinguishes the immunity of executive officers from the absolute or near-absolute immunity of judicial officers. *See* Gregoire v. Biddle, 177 F.2d 579 (2d Cir.

1949), cert. denied, 339 U.S. 949, 70 S. Ct. 803, 94 L.Ed. 1363 (1950), or quasi-judicial officers, *see* C. M. Clark Insurance Agency, Inc. v. Maxwell, 156 U.S. App.D.C. 240, 479 F.2d 1223 (1973).

In weighing these several factors, it is significant that this Court has decided that, as a matter of law, defendant was an officer of the United States. It is also significant that defendant's superior has asserted that defendant, at all times here pertinent, was acting within the scope of his employment. As stated earlier, this Court deems plaintiff's evidence, tending to show that Levine was a state employee, to be an attempted contradiction of the *legal* status of Levine, and not of the factual assertion offered by the United States that Levine was acting within the scope of his authority. Thus, the facts underlying this lawsuit not being contradicted, whether immunity is to be accorded Levine in this case is a matter of law proper for disposition on summary judgment. Howard v. Lyons, 360 U.S. 593, 596, 79 S.Ct. 1331, 3 L.Ed. 1454 (1959); Norton v. McShane, 332 F.2d 855, 861 (5th Cir. 1964).

■ While it appears that the defense of immunity is becoming less potent when violations of the constitution are involved, *see* Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 456 F.2d 1339, 1347 (2d Cir. 1972), it is clear that the mere allegation of malice in the complaint does not suffice, alone, to pierce the immunity defense. Barr v. Mateo, 360 U.S. 564, 575, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). *See generally*, Jaffe, Suits Against Governments and Officers: Damage Actions, 77 Harv.L.Rev. 209, 224 (1963).

Not only was defendant a United States officer acting within the scope of his authority, but that authority is rather broad indeed. The Congress has invested in defendant's superiors substantial discretion in the use of their personnel. The Secretary of H.E.W. or his designate may assign employees to states to aid in "work which the Secretary determines will aid the Department

in more effective discharge of its responsibilities in the field of health . . . .." 42 U.S.C. § 246(f)(2). Pursuant to this authority, the United States, in its letter of assignment of defendant, granted broad and wide-ranging responsibilities to defendant. Plaintiff has not contradicted this. The publication of the report which is the basis for this suit is clearly within the scope of Levine's authority, as Levine's superior has asserted in his affidavit.

■■ Furthermore, this Court takes judicial notice that problems of pollution (with which the report is concerned) are matters of wide-ranging public discussion, and that they are problems which are so serious as to demand cooperation among all levels of government. Because of the very public nature of the problem of pollution, and because public knowledge concerning environmental dangers is so necessary, this is a most appropriate case for the allowance of immunity in a libel suit. Handler and Klein, The Defense of Privilege in Defamation Suits Against Government Executive Officials, 74 Harv.L.Rev. 44, 61–64 (1960). Because of the very technical nature of the problems of environmental degradation, it is unreasonable to limit the defense of immunity to upper echelons of government, perhaps far removed from levels of technical expertise. The law does not contemplate that the immunity defense be so limited. Barr v. Mateo, 360 U.S. 564, 572, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

■ Based upon the uncontroverted facts in this case, this Court concludes as a matter of law that the immunity defense is a complete bar to suit in this cause, and that summary judgment is an appropriate disposition of this lawsuit. Howard v. Lyons, 360 U.S. 593, 596, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959); Norton v. McShane, 332 F.2d 855, 861 (5th Cir. 1964).

Accordingly, the motions for summary judgment filed by the United States in this case are ordered to be and the same are hereby granted; judgment is hereby entered for defendant.