**The STATE OF UTAH By and Through Richard G. JENSEN, Utah State Auditor, Plaintiff,**

v.

**IWY COORDINATING COMMITTEE OF the STATE OF UTAH, Jan L. Tyler and Dorothy Littrell, Defendants.**

**No. C–77–0396.**

United States District Court, D. Utah, C. D.

Jan. 19, 1978.

Robert B. Hansen, Atty. Gen., and Jack L. Crellin, Asst. Atty. Gen., Salt Lake City, Utah, for plaintiff.

Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah, for defendant IWY Coordinating Committee of the State of Utah and Jan L. Tyler.

Richard Richards, Ogden, Utah, for defendant Dorothy Littrell.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING FEDERAL DEFENDANTS' MOTION TO QUASH

ALDON J. ANDERSON, Chief Judge.

On December 2, 1977, the United States filed a petition for removal of the present action from the District Court of Salt Lake County, Utah to this court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. It is the position of petitioner United States that defendant IWY Coordinating Committee of Utah (IWY) is a federal agency and defendant Jan L. Tyler, as chairperson of IWY, is an officer of the United States within the meaning of § 1442(a)(1). On December 12, 1977, having removed the action to this court, defendants IWY and Tyler moved the court to dismiss the action on the ground that plaintiff's complaint failed to state any authority wherein the United States had given consent for the above-named defendants to be sued. In the alternative, the defendants moved to quash the service of process upon them because the requirements of Rules 4(d)(4) and 12(a), Federal Rules of Civil Procedure, regarding proper service upon federal defendants had not been met.

Plaintiff filed a motion to remand the action to the state court. In its memorandum received by this court and in oral argument before the court on January 16, 1978, plaintiff has conceded that defendant IWY is an agency and defendant Tyler is an officer of the United States, but has argued that the action giving rise to this lawsuit (i. e., the request for funds from the State of Utah and the alleged misrepresentation in connection therewith) was not an "act under color of such office" within the meaning of § 1442(a)(1). Thus, plaintiff urges, the action was improperly removed and must be remanded to the state court. Having fully considered the matters presented by way of written memorandum and oral argument, the court concludes that plaintiff's motion to remand must be denied and defendants' motion to quash must be granted.

As the court indicated in open court on January 16, 1978, removal provisions in general, and § 1442(a)(1) in particular, are to be ". . . liberally construed to give full effect to the purposes for which they were enacted." *Colorado v. Symes,* 286 U.S. 510, 517, 52 S.Ct. 635, 637, 76 L.Ed. 1253 (1932). One of the primary purposes of § 1442(a)(1), as its history clearly demonstrates, was to have any colorable defense assertable by federal defendants litigated in federal courts. *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); *Williams v. Williams,* 427 F.Supp. 557, 563 (D.Md.1976). "[T]he right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office . . .," and "[f]ederal jurisdiction rests on a 'federal interest in the matter' . . . ," *Willingham v. Morgan, supra,* 395 U.S. at 406, 89 S.Ct. at 1816.

The "color of office" test requires a showing of a ". . . 'causal connection' between the charged conduct and asserted official authority." *Id.* at 409, 89 S.Ct. at 1817. This ". . . test for removal should be broader, not narrower, than the test for official immunity." *Id.* at 405, 89 S.Ct. at 1815. "It is enough that [the federal defendants'] acts . . . in performance of [their] official duty constitute the basis, *though mistaken or false,* of the state prosecution." *Maryland v. Soper (No. 1),* 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926) (emphasis added). In the present case, plaintiff claims that defendants were not authorized to solicit funds from public bodies for the benefit of IWY, and that the solicitation of the funds from the State of Utah involved negligent or willful misrepresentations on the part of defendants. This, plaintiff argues, demonstrates that the above-named defendants were not acting under the color of their office. The court, however, concludes that § 1442(a)(1) cannot be construed so narrowly and that the "color of office" "causal connection" test has been met in the instant action. Even if it be established that defendants engaged in unauthorized and improper actions in their solicitation of funds,

it is quite clear that at the time of the solicitation they would have been acting in their official capacities and, for all practical purposes, had the appearance of acting within the scope of their proper duties, or else the funds surely would not have been given to them in the first place.

On January 17, 1978, plaintiff filed a supplemental memorandum citing the case of *Brenner v. Kelly,* 201 F.Supp. 871 (D.Minn.1962) as authority for the proposition that the present defendants were not acting under the color of their office in their allegedly improper request for funds. *Brenner* was an action initiated in state court against surgeons employed by a Veterans Administration Hospital for assault and battery and trespass upon the plaintiff for the removal of a wrong rib during surgery. The federal court remanded the case to the state court on the grounds that the alleged negligent acts were not shown to be incidents of the doctors' official duties or within the scope of their federal authority. This court concludes, however, that *Brenner* is no longer good law in light of *Willingham v. Morgan, supra,* the case which this court has already referred to a number of times.

In *Willingham,* an inmate of a federal penitentiary brought an action against the warden and chief medical officer of the institution for allegedly inoculating him with a "deleterious foreign substance" and assaulting, beating and torturing the inmate in various ways. The United States Court of Appeals for the Tenth Circuit directed, in effect, that the case be remanded to the state courts. The United States Supreme Court, however, reversed and cited the history of § 1442(a)(1) and used the language referred to above. Significantly, the Court went on to declare that, "[i]f the question [is raised] whether [defendants] were engaged in some kind of 'frolic of their own' . . . then they should have the opportunity to present their version of the facts to a federal, not a state, court." 395 U.S. at 409, 89 S.Ct. at 1817. Thus, even if it be argued that the present defendants were involved in an unauthorized "frolic of their own" in requesting funds from the State of Utah, the facts and issues raised should be presented to this court.

Since the federal defendants were not served with process in accordance with the above-indicated *Federal Rules of Civil Procedure,* the service as to them must be quashed. Wherefore,

IT IS HEREBY ORDERED that plaintiff's motion to remand is denied and the federal defendants' motion to quash is granted.