**CITY OF LAS CRUCES, Plaintiff,**

v.

**Art BALDONADO, Defendant,**

and

**The United States of America, Petitioner for Removal.**

Cr. No. 86–253.

United States District Court, D. New Mexico.

Sept. 25, 1986.

Asst. U.S. Atty. Rick Smith, Office of City Atty., Las Cruces, N.M., for U.S.

Manuel R. Alvarado pro se.

## MEMORANDUM OPINION

CAMPOS, District Judge.

This criminal case was initiated in the Municipal Court for the City of Las Cruces against Defendant, a supervisor for the United States Postal Service, on the privately filed complaint of Manuel R. Alvarado, one of Defendant's subordinates. The United States removed the case to this Court under 28 U.S.C. § 1442. The matter is presently before the Court on the *pro se* Motion to Remand filed by Mr. Alvarado. The Court finds that removal under 28 U.S.C. § 1442 was proper. Therefore, the Motion to Remand must be denied.

■ Section 1442 permits removal of a criminal prosecution or civil suit against an officer of the United States for an act committed under color of his office. Alvarado asserts that the alleged assault and battery were not committed under color of office because the act of battering postal workers is not a job requirement of a postal supervisor. Alvarado's argument misses the mark.

Removal under § 1442(a) is an absolute right, not dependent upon the discretion of the Court. *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969); *Bagwell v. Brannum*, 533 F.Supp. 362, 363 (N.D.Ga.1982). An act is committed under color of office if there is a causal connection between the charged conduct and the asserted official authority. *Willingham v. Morgan*, 395 U.S. at 406, 89 S.Ct. at 1815, *Utah ex rel. Jensen v. IWY Coordinating Committee*

*of the State of Utah,* 454 F.Supp. 518, 520 (D.Ut.1978). Moreover, an issue as to whether a defendant was engaged in his own "frolic," unrelated to his official duties, does not defeat removal. Rather, the defendant is given the opportunity to present his version of the facts to a federal, not a state, court. *Willingham v. Morgan,* 395 U.S. at 409, 89 S.Ct. at 1817; *Bagwell v. Brannum,* 533 F.Supp. at 363; *Utah ex rel. Jensen,* 454 F.Supp. at 521.

On point is *Bagwell v. Brannum. Bagwell* was a civil suit for assault and battery by a postal employee against his supervisor, also removed from state court to federal court under § 1442. The Court held that the action had been properly removed. *Id.* at 363. The court found that the color of office requirement was satisfied because defendant's alleged misconduct occurred inside the post office while plaintiff was performing his official duties and because the relationship between the parties derived solely from their official duties. *Id.* at 363. *See also Malone v. Longo,* 463 F.Supp. 139, 142 (E.D.N.Y.1979).

According to the Criminal Complaint and the Affidavit of B.W. Matlock filed herein, the incident between the Defendant and Alvarado occurred at the Las Cruces Postal Facility. Both parties were apparently on duty and had just come from a heated grievance discussion. There is nothing to indicate that a relationship other than supervisor/subordinate existed between the parties.

Under the foregoing case law, the Court finds that removal to this Court under § 1442 was proper. The Motion to Remand must, therefore, be denied. An appropriate order shall be entered herewith.