946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph C. SUN, Plaintiff-Appellant,
v.
Oscar TUCKER; Chuck Williams; Arthur Paul; and Jerry
Griswold, Defendants-Appellees.
 No. 91-1087.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se Plaintiff/Appellant Joseph C. Sun appeals the district court's order of February 27, 1991, dismissing his Complaint as against Defendant/Appellee Jerry Griswold. Sun filed this action against Griswold, a federal employee, and three others, inmates at a federal correctional institution, in state court in Arapahoe County, Colorado. His Complaint alleged various common law tort claims against the Defendants as well as conspiracy. Griswold removed the case to federal court pursuant to 28 U.S.C. §§ 1442 and 1446, and subsequently filed a Motion for Summary Judgment, or, in the Alternative, Motion to Dismiss. Sun filed a response to Griswold's motion and his own Motion to Remand, contesting the removal. The district court found the removal proper and granted Griswold's motion to dismiss, based on its conclusion that Sun's Complaint failed to state a claim against Griswold. The district court then remanded the case to state court.
 
 
 3
 On appeal, Sun makes the following arguments:[1] 1) removal of this case was improper because there is no federal question; 2) removal was improper because Griswold was not acting under color of federal law; 3) removal was improper because the remaining Defendants did not join in the notice and because two of them were not served at the time of the removal notice; 4) the Complaint sufficiently states a cause of action against Griswold. We review these issues de novo, as legal determinations regarding the propriety of removal and the sufficiency of Sun's Complaint. See Garrett v. Commonwealth Mortgage Corp., 938 F.2d 591, 593 (5th Cir.1991); Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986).
 
 
 4
 Sun first argues that this court lacks jurisdiction because his Complaint raised no federal question, but was brought under state tort law. While Sun is correct that, in general, a case can be removed to federal court only if it could have been brought there originally, see Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.), cert. denied, 484 U.S. 850 (1987), removal is a statutorily-created right, and the federal courts' removal jurisdiction derives from that right. See Goodrich v. Burlington N. R.R., 701 F.2d 129, 130 (10th Cir.1983). Section 1442 specifically authorizes removal of cases against any federal officer or "person acting under him" for any act "under color of such office." As long as these requirements are satisfied, jurisdiction is proper in the federal courts under this statute.
 
 
 5
 Sun apparently concedes Griswold is a federal actor for purposes of the removal statute; he does not contend otherwise. He contends, however, that Griswold's alleged participation in a conspiracy to steal and deprive him of his personal property does not constitute action under "color of office." We disagree. Whether an act was performed under "color of office" is not dependent on the propriety of the alleged act itself, but on a causal connection between the act and the defendant's authority. Willingham v. Morgan, 395 U.S. 402, 409 (1969). Our review of the pleadings indicates that Sun is challenging actions allegedly taken by Griswold while performing his duties at the federal correctional institution. Even had Sun alleged facts raising some question about whether Griswold had acted under "color of office," that issue alone would not preclude removal. See City of Las Cruces v. Baldonado, 652 F.Supp. 138, 139 (D.N.M.1986).
 
 
 6
 Sun challenges removal because the remaining three Defendants did not join in Griswold's removal notice, citing several cases which, as Griswold notes, do not deal with removal under § 1442. Under § 1442, a federal officer's right to remove is available regardless of the identity or joinder of the remaining parties. See, e.g., Thompson v. Wheeler, 898 F.2d 406, 409 (3d Cir.1990) (federal officer, as third-party defendant, could remove case to federal court where § 1442 requirements met). Based on the foregoing, we affirm the district court's ruling that removal of this case was proper.
 
 
 7
 Finally, Sun argues that his Complaint states a claim against Griswold sufficient to survive Griswold's motion to dismiss. He contends that a party aiding and abetting is "just as guilty" as the other defendants. The issue is not whether, as an aider and abetter or co-conspirator, Griswold could be found liable. Liberally construing Sun's pro se Complaint, and accepting his factual allegations as true, we must decide whether Sun has stated a legally recognizable claim against Griswold. See Tri-Crown, Inc. v. American Fed. Savs. & Loan Ass'n, 908 F.2d 578, 582 (10th Cir.1990).
 
 
 8
 Reviewing Sun's Complaint, we agree with the district court that his allegations are vague and conclusory, and do not meet the challenge of Griswold's motion to dismiss. Accordingly, we affirm the district court's dismissal of Sun's Complaint. See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986).
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In his brief, Sun adopts, by reference, the arguments made in his Motion to Remand. We construe his pleadings liberally as required by Haines v. Kerner, 404 U.S. 519 (1972)